# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,    §<br>     Plaintiff,    § | | |
| | § | |
| v.    § | | CIVIL ACTION NO. H-09-4068 |
| | § | |
| $78,882.00 IN U.S. CURRENCY,    §<br>     Defendant.    § | | |

## MEMORANDUM AND ORDER

This civil forfeiture proceeding is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 18] filed by Plaintiff United States of America. Claimants Francisco and Concepcion Salgado filed a Response [Doc. # 19], and the United States filed a Reply [Doc. # 20]. Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Plaintiff's Motion.

## I.    FACTUAL BACKGROUND

Claimants failed to respond to Plaintiff's Requests for Admission, causing the matters to be deemed admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure. Additionally, Claimants concede in their Response that they "do not allege a dispute of the material facts presented in the United States Government's motion for summary judgment." *See* Response [Doc. # 19], ¶ 2. As a result, the material facts in this case are undisputed.

On November 24, 2009, Claimants were boarding a flight from George Bush Intercontinental Airport in Houston, Texas, to Mexico City, Mexico. Customs and Border Protection ("CBP") Officer Kyle Mandelbaum asked Claimants if they were traveling with more than $10,000.00. Ms. Salgado answered "no." Officer Mandelbaum asked them how much money they were traveling with. Ms. Salgado answered "$4,000.00" and Mr. Salgado answered "$8,000.00." Ms. Salgado completed a FINCEN 105 form, signed under penalty of perjury, but did not report that she and her husband were carrying $78,882.00. Officer Mandelbaum directed the Salgados to CBP Officer Raymond Bell.

Officer Bell asked the Salgados to place their currency on the table in front of him. Ms. Salgado removed approximately $6,000.00 from her wallet and Mr. Salgado removed approximately $8,000.00 from his pockets and wallet. Officer Bell noticed a bulge in each of Mr. Salgado's front pockets and instructed him to remove the contents of his pockets. Mr. Salgado removed approximately $7,000.00 from each pocket. Officer Bell found an additional $3,000.00 in a jacket in Mr. Salgado's backpack.

The Salgados were escorted to the Department of Homeland Security's secure office space, where their checked luggage was delivered after being removed from the airplane. Prior to any inspection of the luggage, Ms. Salgado removed approximately

$30,000.00 from her front and back pockets. During the examination of the checked luggage, an additional $8,000.00 was discovered. The total amount seized was $78,882.00.

The United States filed this civil forfeiture action, seeking forfeiture to the United States of the $78.882.00 in seized currency. After an adequate time for discovery, the United States moved for summary judgment. The Motion is ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56©; *Celotex*

*Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir.

2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III.   ANALYSIS

Title 31, United States Code, section 5316 requires a person to submit a report that complies with paragraph (b) when the person "knowingly – (1) transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time – (A) from a place in the United States to or through a place outside the United States." 31 U.S.C. § 5316(a). Paragraph (b) provides that the report must contain "the amount and kind of monetary instruments transported." 31 U.S.C. § 5316(b). Title 31, United States Code, section 5317(c)(2) provides that any property involved in a violation of § 5316 "may be seized and forfeited to the United States." 31 U.S.C. § 5317(c)(2).

In this case, it is undisputed that Claimants failed to report truthfully the amount of monetary instruments – $78,882.00 in U.S. currency – they were transporting from

the United States to Mexico. This conduct is a violation of § 5316.[1] Consequently, pursuant to § 5317(c)(2), the United States seized and seeks forfeiture of the currency.

The United States has demonstrated by a preponderance of the evidence that the defendant currency is subject to forfeiture pursuant to § 5317(c)(2) because it was the subject of a violation of § 5316.

Claimants argue that they were "uncomfortable" disclosing the amount of money they were carrying because there were other passengers nearby. *See* Response, ¶ 6. Claimants argue also that Ms. Salgado has a prosthetic breast and "was concerned about having to remove her clothing or her prosthesis." *See id.*, ¶ 7. The Court notes initially that Claimants have failed to present evidence to support either argument. Claimants also fail to explain why the Salgados were comfortable disclosing that they were carrying $12,000.00, but were uncomfortable disclosing a greater amount. Claimants similarly fail to explain why Ms. Salgado would anticipate having to remove her clothing or her breast prosthesis if she declared the true amount of currency she was transporting instead of the false amount she declared. More importantly, however, Claimants cite no legal authority that recognizes discomfort or

---

[1] Section 5316(a)(1)(A) requires knowledge that more than $10,000.00 in monetary instruments is being transported out of the United States, but it does not require knowledge of the reporting requirement. *See United States v. $359,500.00 in U.S. Currency*, 828 F.2d 930, 934 (2d Cir. 1987).

concern about having to remove clothing as a valid defense to a violation of § 5316, and this Court is aware of none.

Claimants argue also that the currency they were transporting but failed to report was not derived from criminal activity and, therefore, is not subject to forfeiture. *See* Response, ¶¶ 8-10. The Fifth Circuit has rejected this argument, however, holding that § 5316 governs a person's failure to make a truthful declaration when transporting more than $10,000.00, "whether or not the money was derived from legitimate business." *United States v. O'Banion*, 943 F.2d 1422, 1432 (5th Cir. 1991).

The factual basis for Claimants' violation of § 5316 is uncontested. The United States has, therefore, established by a preponderance of the evidence that the $78.882.00 is subject to civil forfeiture pursuant to § 5317. Claimants have not presented evidence or legal authority to support their arguments against forfeiture. As a result, the United States is entitled to summary judgment that the defendant currency is subject to forfeiture.

## IV. **CONCLUSION AND ORDER**

It is undisputed that Claimants were about to transport $78,882.00 in United States currency from the United States to Mexico without reporting that amount, in violation of 31 U.S.C. § 5316. As a result, the United States has satisfied its burden

to show by a preponderance of the evidence that the defendant currency is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2). Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 18] is **GRANTED** and the defendant currency is **FORFEITED** to the United States. The Court will issue a separate Final Order of Forfeiture.

SIGNED at Houston, Texas this 10th day of **March, 2011**.

_____
Nancy F. Atlas
United States District Judge